UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY D. CHEESMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TABITHA SNYDER, MAYRA CUENCA, PAMELA ANDERSON, BERTA NORTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CHILDREN'S ADMINISTRATION,<br><br>    Defendants. | No. 1:18-cv-03224-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

    Before the Court is Defendants' Motion to Dismiss, ECF No. 12. The motion was heard without oral argument. Plaintiff is proceeding *pro se*; Defendants are represented by Jake Brooks, Assistant Attorney General for Washington state.

    Defendants argue the Court should dismiss Plaintiff's Complaint for three reasons: (1) Failure to state a claim; (2) res judicata; and (3) collateral estoppel.

    Defendants argue that Plaintiff has failed to allege factual allegations that meet the *Iqbal* pleading standard to survive a motion to dismiss. The Court conducted a 28 U.S.C. § 1915(e) review of Plaintiff's Complaint and determined that Plaintiff adequately plead a § 1983 due process claim. To the extent Defendants are asking the Court to reconsider that decision, it declines to do so.

    Defendants ask the Court to find that res judicata and collateral estoppel bar

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1**

Plaintiff's due process claim. Under either theory, it is necessary that a final judgment on the merits occurs in the underlying proceeding. Defendants provided the Court with an Order from Judge Sparks of the Kittitas County Superior Court to support their contention that there was a final judgment on the merits. What Defendants fail to appreciate is that Judge Sparks dismissed Plaintiff's lawsuit *without* prejudice. ECF No. 13 at 49 (emphasis added). It goes without saying that dismissal without prejudice is not a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"); *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 699-91 (9th Cir. 2005). As such, it is premature for Defendants to argue res judicata or collateral estoppel.

Defendants also ask the Court to dismiss this action because Plaintiff's wife filed a similar lawsuit that is pending in the Eastern District of Washington. Because it is pending there is no final judgment on the merits so it would not be appropriate to dismiss this action on that basis. Defendants are invited to file a motion to consolidate if they believed it would be in the interests of justice for the Court to hear both cases at the same time.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, ECF No. 12, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 2nd day of May 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3**